IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SHORES OF PANAMA
RESORT COMMUNITY
ASSOCIATION, INC., a Florida
not-for-profit corporation,

     Appellant,

v.

SHORES OF PANAMA, LLC;
PANAMA PARTNERS, LLC;
SHORES OF PANAMA CLUB,
LLC; SHORES OF PANAMA
COMMERCIAL, LLC; and
SHORES OF PANAMA CLUB,
LLC,

     Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-5929

Opinion filed November 2, 2016.

An appeal from the Circuit Court for Bay County.
James B. Fensom, Judge.

John P. Townsend of Becker & Poliakoff, P.A., Fort Walton Beach, for Appellant.

Michael P. Dickey of Barron & Redding, P.A., Panama City, for Appellees.


MAKAR, J.

     In this condominium governance dispute, the trial court temporarily enjoined

the collection of assessments for anticipated non-recurring legal and engineering

fees of $525,000 that a condominium association, the Shores of Panama Resort Community Association, adopted at a special meeting held after its annual budget had already been adopted. The unit owners argued, and the trial court agreed, that the assessments were "special assessments" that required a different approval process versus the amended budget process that the Association used. We affirm.[1]

In July, 2015, the Association sent notice to unit owners in a multi-condominium complex, known as Shores of Panama Resort, of a special meeting, the purpose of which was to adopt an amended budget that would increase the annual budgeted amount originally set for legal fees to cover expected one-time legal and engineering expenses to be used in litigation over construction defects at the complex. The Association's 2015 annual budget had already been adopted, providing for $200,000 of legal fees (although the presence of construction defects was known, it is unclear whether initiating litigation had been discussed). No written objections having been received, the Association by vote of its directors adopted the amended budget, adding an additional $350,000 of legal fees and $175,000 of engineering expenses to be paid by assessments in the fourth quarter.

Plaintiffs, various unit owners unhappy with the assessments, filed suit seeking a temporary injunction and a declaratory judgment. Two competing

---

[1] We address only the issue of substantial likelihood of success, affirming the trial court's findings and conclusions as to the other elements of a temporary injunction.

arguments were made. The Association claimed that the assessments were authorized as amendments to the existing budget; the unit owners countered that the assessments were within the definition of a "special assessment" in both section 718.103(24), Florida Statutes (defining "special assessment" as "any assessment levied against a unit owner other than the assessment required by a budget adopted annually"), and the condominium by-laws (defining "special assessment" as an "[a]ssessment for common expenses that cannot be paid from the annual assessment for common expenses").

An apparent reason for the trial court's conclusion that the assessments were special assessments is that the additional legal/engineering expenses were "other than the assessment required by a budget adopted annually." Because the additional litigation-related assessments of $525,000 were outside the parameters of the annual budget of $200,000 for legal expenses as adopted, they were by definition "special assessments" under the statute. They were also "special assessments" under the by-laws because they would be common expenses beyond those to be paid in the annual assessment.

The Association is correct that it has the authority under section 718.112(2)(e), Florida Statutes, Rule 61B-22.003(7), Florida Administrative Code,[2]

---

[2] See Rule 61B-22.003(7), Fla. Admin. Code ("Budget assessment amendments. The association may amend a previously approved annual budget. In order to do so

and the condominium by-laws[3] to amend the budget without submitting it to the unit owners for approval, but it runs into an immediate roadblock, which is the mandate that it follow procedures for "assessments against unit owners which exceed 115 percent of assessments for the preceding fiscal year[.]" § 718.112(2)(e)(2)(a), Fla. Stat. The $525,000 of additional assessments exceeds the $200,000 initially allocated; and as the trial judge pointed out, the $525,000 was listed in "two completely new categories of costs." The Association says that the additional $525,000 was "clearly intended to be amendments to the 'Legal' category of costs in the 2015 budget." If so, that would have made it a recurring expense, one that would be included in the computation of whether the increased assessment exceeded 115 percent of the prior assessment. § 718.112(2)(e)(2)(b), Fla. Stat. (the "determination of whether assessments exceed 115 percent of assessments for the prior fiscal year shall exclude . . . anticipated expenses of the association which the board does not expect to be incurred on a regular or annual basis" among other expenses not at issue here).

---

the board of administration shall follow the provisions of Section 718.112(e), Florida Statutes.").

[3] The condominium by-laws provide that "[i]n the event the quarterly assessments shall be insufficient in the judgment of the Board of Directors, the Board of Directors shall amend each budget and shall make amended assessments for the balance of the quarter in sufficient amounts to meet the expenses for the quarter[.]"

4

Thus, the option to amend the annual budget would require the *inclusion*, not the exclusion, of the $525,000 in the proposed budget to meet the 115 percent threshold. But the Association characterizes the $525,000 as non-recurring legal and engineering expenses, meaning that these items would be excluded from the 115 percent threshold and thereby not be appropriate items for an amended budget. Either the $525,000 is an addition to the regular, annual budget (for purposes of adopting a substitute budget) or it is an excluded, non-recurring expense for which the special assessment adoption process applies. Because the Association specifically identified the increased assessment as "non-reoccurring costs" for which it created two new separate categories and identified as "non-reoccurring expenses," the trial court correctly concluded that they fall into the "special assessment" category thereby establishing the substantial likelihood that Plaintiffs would succeed on the merits.

AFFIRMED.

ROWE and BILBREY, JJ., CONCUR.